**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-20013-CR-MARTINEZ/AOR**

UNITED STATES OF AMERICA,

v.

JOHN WILLIE MASON,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

THIS CAUSE came before the undersigned by Order of Reference from United States District Judge Jose E. Martinez and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by Defendant John Willie Mason ("Mason"). Pursuant to such reference the undersigned conducted a change of plea hearing by video conference on August 10, 2020, which was attended by Mason, his attorney, Sowmya Bharathi, and Elena Smukler, Assistant United States Attorney. The undersigned hereby advises as follows:

1. At the commencement of the change of plea proceedings, the undersigned advised Mason that he had a right to have these proceedings conducted by the United States District Judge assigned to this case. Mason was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge. The undersigned confirmed that Mason, his attorney, and the Assistant United States Attorney to whom this cause is assigned, consented to the undersigned conducting these proceedings. The undersigned advised Mason that the sentence will be imposed by the District Judge, who will make all findings and rulings regarding such sentence and will conduct a sentencing hearing on Tuesday, October 20, 2020 at 10:45 a.m.

2. Mason also consented to the undersigned holding the hearing by video conference. Further,

the undersigned found that Mason's guilty plea could not be further delayed without serious harm to the interests of justice.

3. The undersigned conducted a plea colloquy with Mason consistent with the outline set forth in the Bench Book for U.S. District Court Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4. The undersigned advised Mason of the sentence possibilities as to Counts 1 and 2 set forth in the Indictment to which he was tendering a guilty plea, as well as the possible fine and term of supervised release. Mason was advised that Count 1 and 2, to which he was pleading guilty, carry a maximum term of imprisonment of up to 10 years, followed by a term of supervised release of up to a maximum of 3 years. Additionally, the District Judge may impose a fine of up to $250,000 and may order forfeiture. Mason was advised that there is a mandatory special assessment of $100 per count for a total of $200 that will be imposed at the time of sentencing.

5. Mason acknowledged that he was fully satisfied with the services of his attorney and that he had a full opportunity to discuss all facets of his case with his attorney, which he acknowledged that he understood.

6. Mason pled guilty to Counts 1 and 2 set forth in the Indictment, charging him with possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1); and possession of ammunition by a convicted felon, in violation of Title 18 United States Code, Section 922(g)(1).

7. The government submitted a factual proffer for the guilty plea which consisted of all of the essential elements of the offenses to which Mason pled guilty.

8. Mason was informed that a Pre-Sentence Investigation Report will be conducted prior to sentencing. Mason will remain pre-trial detained pending imposition of sentence. The sentencing

hearing will be conducted by the District Judge on Tuesday, October 20, 2020 at 10:45 a.m.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this Cause, the undersigned hereby

RECOMMENDS that Mason be found to have freely and voluntarily entered his guilty plea to Counts 1 and 2 set forth in the Indictment, that his guilty plea be accepted, that he be adjudicated guilty of such offenses, and that a sentencing hearing be conducted on Tuesday, October 20, 2020 at 10:45 a.m. for a final disposition of this Cause.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge.  Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal.  See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 10th day of August, 2020.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record